## JONAH BREWSTER, MARTHA BREWSTER, GEORGE BREWSTER, MARY BREWSTER, and BENJAMIN BREWSTER *versus* EUROTAS P. HASTINGS, SHUBAEL CONANT, and HENRY S. COLE, Executors, etc., of FRANKLIN BREWSTER, Deceased.
### March 7, 1840.

A. D. Fraser, attorney for appellants.
D. Goodwin, attorney for respondants.

[INDORSEMENT]

Sup. Court 1 Circuit

Brewster et al
vs.
Hastings et al

Opinion—
delivered March 7, 1840—
By Fletcher Ch. Jus.

*Fraser* for Appellants—
Goodwin for Respondants—

[OPINION]

Jonah Brewster et al
vs.
Eurotas P. Hastings
& Shub[1] Conant

This was an appeal from the decree of the Judge of Probate for the County of Wayne, passed the 2ᵈ Feby 1835, by which an instrument purporting to be the last will and Testament of Franklin Brewster, deceased, was approved and allowed.

The Appellants are heirs at law of the testator, and the Respondants are the executors named in the will.

Several reasons for the appeal were duly filed by the appellants, but only one of them is now relied on, which is that the will purporting to be a disposition of Real and Personal property, and not being executed and attested so as to operate as a devise of the real estate, cannot be allowed as to the personal.

The will was a nuncupative will made by the testator in the Summer of 1834 in his last sickness—It was reduced to writing according to his directions, and read over to him, and approved. He then declared it to be his last will and testament in the presence of five persons who subscribed the same at the time, as witnesses by request of testator. The testator did not sign the will.

(*Read copy of the will*)

It is contended by the Counsel for the Appellants that this will, purporting to be a disposition of real and personal estate, comes within the provisions of the 9th Section of the ["] Act Prescribing the manner of devising land, tenements and hereditaments," adopted July 27. 1818.

The preamble to the 9th Sect. of that act is in these words "And as it may sometimes happen that a will respecting "lands and tenements and personal estate, through inattention "or otherwise, may be attested or subscribed by a less number "of credible witnesses than this act directs for devising land "tenements and hereditaments, which if approved and al- "lowed as a testament of the personal estate only, might de- "feat the original intention of the devisor respecting the "settlement of his estate"—Then follows the enacting clause, "—Be it further enacted that any will *in writing* hereafter "offered for probate, which purports a disposition of both "real and personal estate, that shall not be attested and sub-

"scribed as this act directs for the devising of lands, tenements "and hereditaments, shall not be allowed and approved as a "testament of personal estate only."—

By the 1ˢ Sect. of this act it is declared that any person lawfully seized of any lands, tenements or hereditaments in the Territory, being of the age of 21 years, and of Sane mind, shall have power to devise the same by last will and testament in writing—And by the 2ᵈ Sect. it is declared that all devises and bequests of any lands or tenements shall be in *writing* and *signed* by the party *devising* or by some person in his presence, and by his express direction; and shall be attested and subscribed in the presence of the devisor by three or more credible witnesses, or otherwise shall be void—This will is not executed so as to operate as a devise of real estate, not being signed by the testator nor by any other person for him in his presence and by his express direction.

But the counsel for the appellants contend, [1] that although the will is not executed & signed as required by the Statute, still it is a will *in writing* and comes strictly within the prohibition contained in the 9ᵗʰ Section of the Act; and 2. That if it is not within the strict terms of that Section, it comes clearly within the scope of the remedy intended by the Legislature—and ought to be considered as within the equity of the prohibition—and that it cannot, therefore be allowed as a will of the personal estate.

1. Is it a will in *writing* within the terms of the Statute?

By the 3ᵈ 4ᵗʰ & 5ᵗʰ Sections of the same Stat. the right to make nuncupative wills is recognized under certain restrictions and regulations therein provided.

A nuncupative will is a testamentary disposition of property made by verbal or oral declaration, of the testator—And are uniformly contradistinguished from written wills, signed and executed by the testator—The term nuncupative imports

merely verbal or oral declarations—And although such declarations should at the time be reduced to writing, and read over to the testator, and fully approved by him, yet if he should not sign it himself or by some other under his direction it would be a nuncupative will only, and not a will in writing—

This distinction between a will in writing, and a nuncupative will is expressly recognized in the Stat. 29 Ch. II. Chap. 3. commonly called the Stat. frauds, and also in our own Statute before referred to—By the 29 Ch. II. it is enacted that no written will shall be revoked or altered by a subsequent nuncupative will except the same be, in the life time of the testator, reduced to writing, and read over to him and approved. By the 6th Section of our own Stat. it is enacted, "that no will in writing concerning any goods, chattels or personal estate, shall be repealed, nor shall any clause or bequest therein be altered or changed by any *words* or *will*, by word of mouth only, except the same be committed to writing, and read to the testator and allowed by him." &c—

This distinction has been uniformly made or recognized— It is quite clear that this is not strictly a written will within the express terms of the Statute.

2. But, although not strictly within the express words of the Stat. it is further contended that it comes within the scope of the mischief intended to be remedied by the Stat., and that the same reasons and principles apply to it, and that therefore, it should be held to be within the equity of the Stat.—

In the construction of Statutes the first object is to ascertain the intention and meaning of the Legislature. When from the terms used by the Legislature the intention is plainly expressed, there is no room for construction. But when the intention is not manifest, every part of the Stat: other Statutes upon the same subject—the general scope and object

of the Act; the preamble & the title may be resorted to for the purpose of ascertaining the intention of the Legislature—

Is the Statute in question, therefore, as to the intent of the Legislature, plain and obvious, or doubtful, and still to be ascertained by judicial construction?

In the first place "a statute is the best expositor of itself."—

The 1st & $2^{d}$ Sections of the Act declare who may devise lands—and direct that the will shall be in *writing* and signed by the devisor and be attested or subscribed in his presence by 3 or more witnesses—or else shall be utterly void, and of no effect.

The $3^{d}$ 4th & 5th Sections relate to nuncupative wills. The $3^{d}$ Section declares that no nuncupative will shall be good, when the estate thereby *bequeathed*, shall exceed the value of $150, that is not proved by the oath of 3 witnesses at least, that were present at the making thereof, nor unless it be proved that the testator at the time of pronouncing the same did bid the persons present, or some of them, to bear witness &c &c.

The 4th & 5 Sections regulate the time and manner of proving and allowing such nuncupative wills—

By these provisions the right to dispose of personal property by a nuncupative will is most expressly recognized, the mind of the Legislature was directly employed in providing against the evils which might attend such a testamentary disposition, either from accident or fraud—and all these regulations respecting the circumstances under which such a will may be made, how it may be made, the time and manner of the proof and the probate and allowance, are essentially different from those which are provided for a devise of real estate—

Having made these separate and distinctive regulations.

upon these different subjects, the Legislature further provided in the 9ᵗʰ Sect. that a will *in writing purporting* a *disposition* of both *real* and *personal estate,* that should not be *attested* and *subscribed* as directed by that act for devising of lands, tenements and hereditaments, should not be approved and allowed as a testament of personal estate only. The will in question certainly purports to dispose of real, as well as personal estate—But in what part of the Stat. can it be discovered that the Legislature intend to subject an unwritten will to the operation of the 9ᵗʰ Section?

There is nothing in the terms employed by the Legislature indicating such intention—

But it is contended in general terms by the Counsel for the appellants that the mischief is the same in permitting an unwritten will purporting a disposition of real and personal estate, to stand as to the personal only, as in case of a written will, and as the Legislature intended to prevent the mischief in the case of a written will; the court will extend the remedy beyond the strict letter of the Stat. so as to reach and correct the same evil which will be occasioned by the allowance of a nuncupative will—

Whether the evil is the same in each case it may not be necessary now to determine, but it is manifest that the Legislature did not intend to put them on the same footing or subject them to the same rules and the reasons for this distinction are obvious.

Greater formality has always been required in the disposition of real property than of personal.

In the case of written will the testator may and most generally perhaps does make it in health, upon mature deliberation and by the assistance of Counsel—whereas in the case of a nuncupative will—it must be made in sickness and frequently without time for advice or the formal execution of

written instruments—It is quite natural therefore that the Legislature should intentionally make a difference as to the regulations and rules respecting a nuncupative will which must be made *in extremis,* and those respecting a formal instrument intended to operate as a devise of real estate—

It seems to me therefore as well from the apparent intention of the Legislature as ascertained from the terms and manifest object of the Statute, as also from the obvious reasons arising from the subject matter respecting which the statutory regulations are made, that by extending the provisions of the 9th Sect. to an unwritten will, we should be directly contravening the express will of the Legislature.

But it is further contended by the Counsel for the appellants, that the Stat. in question was adopted from Massts—that it has recd a construction in that state, that principles have there been established which if applied to this case would fully support their objection to this will—And that such adjudications should be adopted here as good authority, upon the principle that when a statute is adopted from another state, the construction of the Stat. which had obtained in such state—is also adopted—

The rule contended for is a sound and salutary rule, so far as it relates to open and well ascertained adjudications—

The case of *Brown vs. Thorndike* 15 Pick 388 has been relied upon as sustaining fully the position taken by the Counsel for the appellants, that the will in question should be held to [be] within the spirit and equity of the 9th Sect. of the Stat.—

Brown vs. Thorndike 15 Pick 388—C. Thorndike made his will on the 28 Feby 1825, duly excuted and attested to pass real estate, and purporting on the face of it to dispose of both real & personal estate—In June, 1829 he wrote and signed upon the will the following declaration.

"It is my intention at some future time to alter the tenor "of the above will, or rather to make another will; therefore "be it known that if I should die before another will is made, "I desire that the foregoing be considered as revoked, and of "no effect"—

There was no subscribing wit to this memorandum. The testator afterwards died without having made any other will.

It was contended by the counsel for the Appellant in support of the will that a revocation of a will although not expressly named in the 9th Sect. of a Statute of that State, (which Section is precisely like our own) yet that revocations are within the mischief—the same reason and principle applying to them, and therefore that they ought to be held to be within the equity of the Stat.

But before this question was decided the Counsel for the Respondants contended that at the time of the revocation the testator had no real property upon which the will could operate, and offered to show this fact by evidence,—This evid. was admitted by the Court by which it appeared that all the real estate held by the testator at the time of making his will, had been aliened before the revocation. And the Court then say that, as the testator at the time of the revocation, had only personal property upon which the will could operate, the will should be regarded as a will of personal property only, and might be revoked without any attestation of subscribing witnesses—They also say that the testator is to be presumed to have a knowledge of the situation of his own property, and being in fact only possessed of personal property, and the effect of a revocation executed· in the manner that one was, must be presumed to be known to the testator,—and that to give effect as a revocation of a will of personal property only, would advance, and not defeat the general intent and purpose of the testator—

—The Court then remark in relation to the equitable construction of the statute as claimed by the Appellants, that "to apply the provisions of the statute by any supposed equity "of construction, to such a case, would, we think, be going "contrary to the reason and purpose of the Statute, and would "be not only defeating the intent of the testator, but the in-"tent of the Legislature."—How any principle established in this case can be properly be urged as tending to bring the will under consideration within the equity of the Stat. it is difficult to preceive, because in that case the revocation was held not to be within the words or spirit of the statute.

There is another case cited from Mass$^{ts}$ by the Counsel for the Respondants, the case of Deane vs. Littlefield, 1 Pick. R. 239.

In that case a minor made a will duly signed by him and attested and subscribed as required to a devise of real estate, and purporting a disposition of both real and personal estate. It was contended in opposition to the will, that it came equitably within the 9th Section of the Stat.—

But the Court say, "At common law a will which was good to dispose of personal estate, but not for real, might be set up for the former, though not for the latter; and the 9th Section of the Stat. was intended to repeal the Common Law; it must therefore be limited in its operation to the case intended by the Legislature; and it is very clear that the *provision had respect* only to such wills as should be *insufficient* to *dispose* of real estate only because they were not *attested and subscribed* in the manner required by the Stat.

— In that case the will was duly attested and subscribed to pass real estate, which the court decide took it out of the 9th Sect. of the Statute—and declare that it neither came within the words nor spirit of the Stat.

That case is quite similar to the one before us, and depending upon the same principles—

In that case a will of a *minor* purporting to dispose of real and personal estate, was not provided for by the Legislature—and was considered as standing as at the Com. Law— In this a *nuncupative will* purporting to dispose of real & personal estate does not come within the provision of the 9th Section, because a written will only is mentioned, and that made inoperative by the Stat. only because not attested and subscribed as required to devise real estate. The objection to the will in either case is not on the ground that it was *not* thus *attested* and *subscribed*, but on an *intirely different ground*—in the case of Deane vs. Littlefield on the ground that the testator was not *21 years* of age, and in the present case because it is a nuncupative will, and cannot therefore operate as a devise of real estate.

In the case of Deane & Littlefield the Court laid some stress on the circumstance that as the testator had by his will given the whole of his estate to his mother, who was his heir at Law, an allowance of the will as to the personal estate could not defeat the intention of the testator. And in the present case if the will should be disallowed, the whole intention of the testator will be defeated, for then it will all pass to the father, to whom he has given nothing by the will— It is not necessary however for us in this case to give any weight to this consideration in this case.

There is another difference between the two cases which shows still more clearly that this case ought not to be considered as coming within the equity of the Stat. In the case of the minor, the will was not considered as within the Statute because the ground of the objection did not relate to the insufficiency of the attestation and subscription, and the Court say they must limit the operation of the 9th Sect. to the case specified by the Legislature.

In the case at bar the same rule must be applied because

the reason is the same—and in addition to this, there is another reason in this case equally conclusive, the fact heretofore alluded to, that the legislature have made specific regulations in the same Statute and entirely different in character, respecting written and unwritten wills, and have limited the operation of the 9th Section expressly to *written* wills.

On this ground therefore the present case is more clearly left to stand as at Com. Law, than the case in 1 Pick.—

But is was further insisted by the Counsel for the appellants that at Com. Law a will purporting to dispose of real and personal estate, and not executed so as to operate upon the real estate, could not be allowed to stand as to the personal.

This position, however, cannot be maintained. The rule that the will may be set up as to the personal estate, has been to long established to [and] too generally recognized, I think, to [be] now disturbed—

With these views I am of the opinion that this will be approved and allowed as to the personal estate only of which to testator died possessed—